(16 Misc. Rep. 80.)

### LEVIEN v. LEVI et al.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

**DAMAGES—BREACH OF CONTRACT TO REDEEM PLEDGE.**

　　Where a partner sold his interest in firm property to his copartner, and the vendee, with two others, agreed to redeem and deliver to the vendor as an additional consideration certain jewelry pledged for the partnership, the measure of damages for breach of the agreement was the amount for which the jewelry was pledged, and it was immaterial whether the vendor had himself paid the pledge or not.

Appeal from Fourth district court.

Action by Samuel Levien against Solomon Levi and others for breach of contract. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Manheim & Manheim, for appellants.

C. M. Boerman, for respondent.

v.37 N.Y.s.no.5—44

McADAM, J.   The plaintiff and the defendant Levi owned property at Colchester, Conn., in partnership.   The plaintiff agreed to transfer his interest to his partner for $300, and executed a deed thereof to him.   In consideration of the delivery of this deed the defendants signed an agreement to redeem certain jewelry belonging to the plaintiff, and which he had pawned for $75.   The agreement was signed first by Levi, and afterwards, before the delivery of the deed, and as a condition of its delivery, by the defendants Hyman Okun and Morris Okun.   These latter defendants claim that they merely signed as witnesses, but this is denied by the plaintiff, and there is nothing in the paper to corroborate their contention.   On the contrary, the paper was witnessed by E. S. Day, in whose office the contract was drawn, and the justice must have found it was signed by the three defendants as principals in order to procure the delivery of the deed.   The defendants Okun were apparently interested in having the deed delivered to Levi, for he immediately thereafter executed a deed to them for the same farm.   Bertha Levien, the plaintiff's daughter, testified that the plaintiff and Levi were in partnership in respect to the farm; that they could not agree; that one of the Okuns was a brother-in-law of Levi, and an understanding was arrived at between the defendants and the plaintiff by which Levien was to receive $300 in cash from Levi, as well as the jewelry.   From the entire testimony it is clear that the plaintiff was unwilling to trust Levi, with whom he had disagreed; and that he would not deliver the deed until the Okuns joined in the contract with Levi to return the jewelry to the plaintiff, which was to be his, and his alone.   By the contract the defendants agreed to return to the plaintiff the jewelry that was pawned.   While it was pawned for the joint benefit of the plaintiff and Levi, it is plain that it was to become the sole property of the plaintiff, and that is why the contract was made to redeem and return the jewelry to him.   It is contended by the defendants that, as the value of the jewelry was not proved, no legal measure of damages was established.   This is not so.   The plaintiff was liable to the pledgee for $75, the amount of the loan made, and was interested in having the obligation discharged.   The defendants in effect agreed to satisfy the debt, and not only redeem, but return, the property to the plaintiff.   A right of action accrued upon the breach of the undertaking, and the measure of damages is the amount agreed to be paid (Port v. Jackson, 17 Johns. 246; Churchill v. Hunt, 3 Denio, 322; Weddle v. Stone, 12 Ind. 625; 2 Sedg. Dam. [7th Ed.] pp. 4, 5), and this result follows whether the plaintiff himself first discharged the debt or not (Id.).   The action was founded on the special promise to pay, so that the judgment, which was for $75, is right, and must be affirmed, with costs.   All concur.